IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| SALLY GIBBS,<br><br>                Plaintiff,<br><br>   v.<br><br>PAUL REVERE LIFE INSURANCE COMPANY and UNUM LIFE INSURANCE COMPANY OF AMERICA,<br><br>                Defendants. | Case No. 13 C 8878<br><br>Hon. Harry D. Leinenweber |

### ORDER

Defendant's motion to dismiss Count II [ECF No. 14] is granted.

### STATEMENT

Plaintiff Sally Gibbs, who suffered a severe spinal injury at work in July 2008, seeks to obtain benefits owed pursuant to two insurance policies. Plaintiff's employment terminated shortly after the injury, and she was approved at that time to receive payments under a policy of group long-term disability ("LTD") insurance underwritten by Defendant Unum Life Insurance Company of America ("Unum"). Plaintiff also began to recover under a policy of individual disability income ("IDI") insurance underwritten by Defendant Paul Revere Life Insurance Company ("Paul Revere"). Both Defendant-insurers are subsidiaries of Unum Corporation (not a party to this dispute).

On October 26, 2012, Defendants terminated Plaintiff's benefits, apparently because they believed her condition had improved. Plaintiff alleges that Defendants' decisions were based on "a medical examination performed at Unum's request by a biased and discredited physician" and "a biased vocational

1

assessment." Compl. ¶ 15. Count I is brought under § 502(a)(1)(B) of ERISA and seeks recovery of benefits owed under the LTD policy. In Count II, Plaintiff complains that Unum breached fiduciary duties owed to her when it terminated her benefits. She contends that Unum has been unjustly enriched by its breach because it invested the money that should have been paid to her. Plaintiff seeks disgorgement of those profits and invokes § 502(a)(3) of ERISA as the vehicle for that recovery. Plaintiff alleges in Counts III and IV that Paul Revere breached contractual duties arising out of the IDI policy. Defendants have answered the complaint with respect to Counts I, III, and IV and have moved to dismiss Count II, the ERISA breach of fiduciary duty claim.

Defendants contend that Plaintiff's claim for equitable relief under § 502(a)(3) is duplicative of her claim for benefits under § 502(a)(1)(B). Section 502(a)(3) of ERISA, codified at 29 U.S.C. § 1132(a)(3), allows plan beneficiaries to bring a civil action to obtain "appropriate equitable relief" to redress violations of the statute or the terms of the ERISA plan. Clarifying the role of the modifier "appropriate" in this subsection, the Supreme Court has explained that "where Congress elsewhere provided adequate relief for a beneficiary's injury . . . further equitable relief . . . normally would not be 'appropriate.'" *Varity Corp. v. Howe*, 516 U.S. 489, 515 (1996).

Plaintiff's contention that she may pursue claims under both § 502(a)(1)(B) and § 502(a)(3) conflicts with the principle that "if relief is available to a plan participant under subsection (a)(1)(B), then that relief is unavailable under subsection (a)(3)." *Mondry v. Am. Family Mut. Ins. Co.*, 557 F.3d 781, 805 (7th Cir. 2009) (explaining the view of a majority of the circuits). In a similar case in this district in which the plaintiff brought a claim for benefits under § 502(a)(1)(b) and

2

another for disgorgement of profits under § 502(a)(3), Judge Guzman dismissed the disgorgement claim and noted that "[n]umerous courts in this district agree that a plaintiff cannot pursue a claim under § 502(a)(3) if a claim for benefits is available under § 502(a)(1)(B)." *Sexton v. Standard Ins. Co.*, No. 13-C-7761, Unpublished Order (N.D. Ill. Apr. 30, 2014) (collecting cases). That rule applies here as well: Plaintiff's injury was the denial of benefits, and because she may obtain relief under § 502(a)(1)(B) for that harm, additional recovery under § 502(a)(3) would not "appropriate." *Varity Corp*, 516 U.S. at 515. When Plaintiff complains that Unum has been unjustly enriched, she is simply refashioning her claim that Unum kept money that it should have paid to her under the plan. For her one injury, Plaintiff has an adequate remedy under § 502(a)(1)(B) and thus cannot sue under § 502(a)(3).

Accordingly, the motion to dismiss Count II is granted.

**IT IS SO ORDERED.**

_____
Harry D. Leinenweber, Judge
United States District Court

Date:8/8/2014